UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GORDON SALES, INC. d/b/a GORDON INC.** | **CIVIL ACTION NO.** |
| Plaintiff | |
| v. | **JUDGE:** |
| **FRY REGLET CORPORATION** | |
| Defendant | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GORDON SALES, INC. d/b/a GORDON INC. ("Plaintiff" or "Gordon"), by its attorneys, for its Complaint against Defendant FRY REGLET CORPORATION ("Defendant" or "FRC") alleges as follows:

### NATURE OF THE ACTION

1. This is an action for infringement of United States Patent No. 12,442,181 (the "Asserted Patent") arising under the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq*. This action relates to FRC's unauthorized manufacture, use, and commercialization of an expandable gap filler assembly known as "MullionFlex" (the "Accused Product"), which infringes the Asserted Patent.

1

#110601812v2

## THE PARTIES

2.  Gordon is a Louisiana corporation with its headquarters in Bossier City, LA.

3.  Upon information and belief, FRC is a Washington corporation with its headquarters in Santa Fe Springs, CA and its principal manufacturing facilities located in Alpharetta, GA.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), and 1338(a) (patent infringement). The amount in controversy exceeds $75,000, exclusive of interest and costs.

5.  This Court has personal jurisdiction over FRC because, among other things, FRC has purposely availed itself of the rights and benefits of the laws of the State of Georgia by engaging in systematic and continuous contacts with the state such that it should reasonably anticipate being hauled into court here. For example, FRC is registered to conduct business in Georgia, under Control Number K902644, and, on information and belief, has a regular and established place of business in this district at 1377 Stonefield Court, Alpharetta, GA 30004. Additionally, this Court has personal jurisdiction over FRC because FRC, on information and belief, has purposefully availed itself of the rights and benefits of the law of the State of Georgia

by engaging in acts of infringement of the Asserted Patent, including by manufacturing, using, offering for sale, and/or selling the Accused Product in this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because FRC has committed acts of infringement in this judicial district and maintains a regular and established place of business here. Upon information and belief, FRC operates its principal manufacturing facilities at 1377 Stonefield Court, Alpharetta, GA 30004, which constitute a physical, regular, and established place of business in this District from which FRC has committed, and continues to commit, acts of infringement of the Asserted Patent, including by manufacturing, using, offering for sale, and/or selling the Accused Product.

## COUNT 1: PATENT INFRINGEMENT

7. Gordon repeats and incorporates by reference the allegations of paragraphs 1-6 above.

8. On October 14, 2025, the U.S. Patent and Trademark Office duly and legally issued the Asserted Patent, titled "Telescoping Wall Gap Filler Assembly." A true and correct copy of the Asserted Patent is attached as Exhibit A. The claims of the Asserted Patent are drawn to a gap filler assembly for filling or covering a gap between an interior partition wall and an exterior wall of a building. The claims of

the Asserted Patent carry a presumption of validity under 35 U.S.C. § 282(a) and are enforceable.

9. Gordon is the owner of the entire right, title, and interest in the Asserted Patent by assignment, and possesses the right to sue for and obtain equitable relief and damages for infringement of the Asserted Patent.

10. On information and belief, FRC has directly infringed and continues to directly infringe the Asserted Patent by making, using, selling, and offering for sale in the United States (and in this district), and/or importing into the United States the Accused Product (an example of which is shown in the drawing attached as Exhibit B) embodying the invention defined by one or more claims of the Asserted Patent, without authority or license from Gordon. More particularly, on information and belief and after a reasonable investigation, FRC has infringed and continues to infringe at least Claim 1 of the Asserted Patent because the Accused Product includes every limitation of Claim 1.

11. Claim 1 of the Asserted Patent recites (wherein the bracketed letter/numbers are included for ease of reference):

| [P] | 1. A gap filler assembly for filling or covering a gap between an interior partition wall and an exterior wall of a building structure, the gap filler assembly comprising: |
|---|---|
| [1] | a first frame member slidingly engaging a second frame member; |

| | |
|---|---|
| [2] | an interior cavity defined by the first and second frame members, wherein the interior cavity has a variable volume; and |
| [3] | a biasing member comprising expandable foam sound insulation material disposed within the interior cavity, wherein the expandable foam sound insulation material has a first end engaging an interior surface of the first frame member, wherein the expandable foam sound insulation material has a second end engaging an interior surface of the second frame member, and wherein the expandable foam sound insulation material is configured to exert a force on the first frame member in a direction away from the second frame member for compressing the first and second frame members between the interior partition wall and the exterior wall. |

12. The Accused Product includes a first frame member slidingly engaging a second frame member, all of which corresponds to element [1] as recited in Claim 1. *See*, Exhibit B.

13. The Accused Product includes an interior cavity defined by the first and second frame members, wherein the interior cavity has a variable volume, all of which corresponds to element [2] as recited in Claim 1. *See*, Exhibit B.

14. The Accused Product includes a biasing member comprising expandable foam sound insulation material disposed within the interior cavity, wherein the expandable foam sound insulation material has a first end engaging an interior surface of the first frame member, wherein the expandable foam sound

5

insulation material has a second end engaging an interior surface of the second frame member, and wherein the expandable foam sound insulation material is configured to exert a force on the first frame member in a direction away from the second frame member for compressing the first and second frame members between the interior partition wall and the exterior wall, all of which corresponds to element [3] as recited in Claim 1. *See*, Exhibit B.

15. Upon a reasonable opportunity for discovery, it is anticipated that Gordon will identify additional claims of the Asserted Patent infringed by the Accused Product and/or identify additional products made, used, offered for sale, or sold by FRC that infringe the Asserted Patent.

16. Gordon has complied with the marking and notice requirements of 35 U.S.C. § 287.

17. Gordon has suffered and continues to suffer injury, including irreparable injury, as a result of FRC's infringement. Gordon is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining FRC from infringing the Asserted Patent in accordance with 35 U.S.C. § 283.

18. By reason of FRC's infringement, Gordon is suffering and will continue to suffer substantial damages in an amount to be determined at trial. In accordance with 35 U.S.C. § 284, Gordon is entitled to recover damages adequate

to compensate it for FRC's infringement, together with interest and costs as fixed by the Court.

19. FRC's infringement of the Asserted Patent is willful and deliberate, entitling Gordon to enhanced damages under 35 U.S.C. § 284.

20. FRC's infringement of the Asserted Patent is exceptional, entitling Gordon to attorney's fees incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Gordon respectfully prays that this Court enter judgment in its favor against FRC and grant the following relief:

1. A judgment that FRC has infringed one or more claims of the Asserted Patent;

2. An order permanently restraining and enjoining FRC, its officers, directors, agents, attorneys, members, managers, employees, affiliates, representatives, parents, subsidiaries, successors, and assigns, and those acting in privity or concert with FRC, from engaging in the manufacture, use, offer for sale or sale within the United States, or importation into the United States, of any product covered by the Asserted Patent, including but not limited to the Accused Product, or otherwise infringing the Asserted Patent, until after the expiration date of the Asserted Patent;

3. An award of pre- and post- judgment interest as allowed by law;

4. Damages or other monetary relief to Gordon, including an award of damages to Gordon in an amount adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty, together with costs and trebled damages;

4. Reasonable attorney's fees relating to this action pursuant to 35 U.S.C. § 285; and

5. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Gordon demands a trial by jury on all issues that are so triable.

#110601812v2

Respectfully submitted,

JONES WALKER LLP

Dated: December 12, 2025

*/s/ Neal J. Sweeney*
Neal J. Sweeney (Ga. Bar No. 694725)
Jack Mayo (Ga. Bar No.546911)
3455 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
Tel:   (404) 870-7516
Fax:   (404) 870-7571
Email:  nsweeney@joneswalker.com
            jmayo@joneswalker.com

Michael K. Leachman (La. Bar No. 30158)
(*Pro Hac Vice* Application Forthcoming)
Olivia G. Wolf (La Bar No. 40385)
(*Pro Hac Vice* Application Forthcoming)
445 North Boulevard, Suite 800
Baton Rouge, LA 70802
Tel.:  (225) 248-2000
Fax:   (225) 248-2010
Email:  mleachman@joneswalker.com
            owolf@joneswalker.com

Sara I. Grasch (La. Bar No. 40376)
(*Pro Hac Vice* Application Forthcoming)
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70501
Tel.:  (337) 593-7600
Fax:   (337) 593-7601
Email:  sgrasch@joneswalker.com

**Attorneys for Plaintiff Gordon Sales, Inc. d/b/a Gordon Inc.**

#110601812v2