**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **GORDON SALES, INC. d/b/a GORDON INC.** | **CIVIL ACTION NO. 1:25-cv-07103-MLB** |
| Plaintiff, | |
| **v.** | **JUDGE: MICHAEL L. BROWN** |
| **FRY REGLET CORPORATION** | |
| Defendant. | **JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF
GORDON SALES INC.'S MOTION FOR
<u>LEAVE TO FILE FIRST AMENDED COMPLAINT</u>**

Plaintiff Gordon Sales, Inc. d/b/a Gordon Inc. ("Gordon") moves this Court for leave to amend the Complaint [Doc. 1] to add Nicholas B. Green ("Green") and Patrick C. Sullivan ("Sullivan") as defendants and to add facts and claims related to breach of contract and misappropriation of trade secrets. The facts and claims surrounding Defendants' alleged acquisition, disclosure, and use of Gordon's confidential and proprietary technology are closely related to the claims already being litigated between the parties, and allowing this amendment would facilitate an efficient resolution of Gordon's claims.

#112068561v1

## I.    FACTUAL AND PROCEDURAL HISTORY

Gordon filed its original Complaint in this action on December 12, 2025, asserting a claim for patent infringement against Defendant Fry Reglet Corporation ("Fry Reglet") arising from Fry Reglet's unauthorized manufacture, use, sale, offer for sale, and/or commercialization of its "MullionFlex" expandable gap filler assembly, which Gordon alleges infringes U.S. Patent No. 12,442,181, titled "Telescoping Wall Gap Filler Assembly" (the "Asserted Patent").

Gordon believes that Fry Reglet misappropriated Gordon's confidential and proprietary technology relating to expandable wall gap filler assemblies (the "Gordon Technology") in order to accelerate the development and commercialization of the MullionFlex product. The proposed First Amended complaint alleges that before the details of Gordon's Wall Gap Filler Assembly were publicly disclosed through commercialization or issuance of the Asserted Patent, Fry Reglet employees Green and Sullivan engaged in employment discussions with Gordon and visited Gordon's facility. As a condition of those discussions and visits, Green and Sullivan executed written confidentiality and nondisclosure agreements, after which Gordon provided them access to non-public information concerning the Gordon Technology. The proposed First Amended Complaint further alleges that Green and Sullivan later remained employed by Fry Reglet, disclosed Gordon's confidential technology to Fry Reglet without authorization, and that Fry Reglet used

that information to accelerate its development and commercialization of competing wall gap filler products, including the MullionFlex product.

Based on these additional allegations, Gordon's proposed First Amended Complaint adds claims for breach of contract against Green and Sullivan, as well as claims against Defendants for violation of the Defend Trade Secrets Act, the Georgia Trade Secrets Act, and the Louisiana Uniform Trade Secrets Act. These allegations and claims are closely related to the patent infringement claim already pending in this action and concern the same underlying technology, the same accused MullionFlex product, and Fry Reglet's alleged development and commercialization of that product.

The scheduling order in this matter dictates that motions to amend pleadings must be filed no later than July 15, 2026, and that deadline has not yet expired. Gordon is not seeking any modification of the Scheduling Order and seeks leave only to file the proposed First Amended Complaint.

## II.    ARGUMENT

Under Rule 15, leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal policy in "permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit

#112068561v1

denial." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). Leave to amend may be denied where there has been "undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). But the "mere passage of time, without anything more, is an insufficient reason to deny leave to amend." *Id.* at 1164-65.

Here, leave should be granted because there is no undue delay, bad faith dilatory motive, or repeated failures to cure deficiencies. This is Gordon's first request to amend its pleadings, and the motion is being filed within the deadline for amendment established by the Court's Scheduling Order. The proposed amendment seeks to add claims arising from the same underlying technology, the same accused MullionFlex product, and the same course of conduct already at issue in this action. Because the amendments are timely and represent Gordon's first request for leave to amend, no basis exists to deny leave on grounds of delay or bad faith.

Further, the Defendants will not suffer undue prejudice if leave to amend is granted. Gordon expressly disclosed its intention to amend the Complaint to add trade secrets claims in the Joint Report and Discovery Plan [Doc. 27], providing Fry Reglet with notice of the proposed claims more than a month before the filing of this Motion. Moreover, this litigation remains at its earliest stages. No discovery requests have been served, no depositions have been taken, and the parties have not yet incurred the substantial expense associated with merits discovery. The additional

#112068561v1

claims arise from the same technology and accused product that form the basis of Gordon's existing patent infringement claim, meaning that substantial overlap exists between the factual issues relevant to the original and amended pleadings.

Indeed, permitting amendment at this stage will promote efficiency and judicial economy. The proposed First Amended Complaint will allow all claims arising from Defendants' alleged use of the Gordon Technology and commercialization of the MullionFlex product to be resolved in a single action. Requiring Gordon to pursue its trade secret and related contract claims in a separate proceeding would result in duplicative discovery, overlapping witnesses, and unnecessary expenditure of party and judicial resources. Litigating all related claims together will facilitate a more complete and efficient resolution of the parties' dispute and will not prejudice Defendants in any meaningful way. Under these circumstances, justice plainly favors permitting the amendment.

For the foregoing reasons, Gordon respectfully requests that the Court grant its Motion for Leave to File First Amended Complaint and deem the First Amended Complaint filed as of the date of the Court's Order.

Respectfully submitted,

JONES WALKER LLP

Dated: July 15, 2026

*/s/ Neal J. Sweeney*
Neal J. Sweeney (Ga. Bar No. 694725)
Jack Mayo (Ga. Bar No.546911)
3455 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
Tel:   (404) 870-7516
Fax:   (404) 870-7571
Email:  nsweeney@joneswalker.com
          jmayo@joneswalker.com

*/s/ Michael K. Leachman*
Michael K. Leachman (La. Bar No. 30158)
(admitted *Pro Hac Vice*)
Olivia G. Wolf (La Bar No. 40385)
(admitted *Pro Hac Vice*)
445 North Boulevard, Suite 800
Baton Rouge, LA 70802
Tel.:   (225) 248-2000
Fax:   (225) 248-2010
Email:  mleachman@joneswalker.com
          owolf@joneswalker.com

***Attorneys for Plaintiff Gordon Sales, Inc.
d/b/a Gordon Inc.***

#112068561v1